Mederic J. Masse, et al.
vs.
Church of Our Lady of Consolation, et al. — Eq. No. 8328

Elphege J. Daignault, et al.
vs.
St. Ann's Church Corporation of Woonsocket, R. I., et al. — Eq. No. 8329

Laure Lussier, et al.
vs.
St. James Church of Manville, R. I., et al. — Eq. No. 8330

Adelbert H. Monty, et al.
vs.
Church of the Holy Family, et al. — Eq. No. 8331

Herve J. Lagace, et al.
vs.
St. Aloysius Church of Woonsocket, et al. — Eq. No. 8332

Adolphe E. Simard, et al.
vs.
The Church of the Precious Blood of Woonsocket, R. I. — Eq. No. 8333

Arthur J. B. Falcon, et al.
vs.
The Church of St. John the Baptist of Pawtucket, R. I., et al.

Eq. No. 8334

Socrate J. Gaulin, et al.
vs.
Church of Notre Dame Des Victoires, et al.

Eq. No. 8335

Rodolph O. Brureau, et al.
vs.
St. Cecilia's Church Corporation, et al.

Eq. No. 8336

Eugene Theberge, et al.
vs.
St. Matthew's Church of Central Falls, et al.

Eq. No. 8337

October 1, 1927.

TANNER, P. J. These are bills of complaint by different complainants against the trustees of different corporations located in different church parishes in the Roman Catholic Diocese of Providence, Rhode Island.

The bills are identical in form and are heard upon demurrers identical in form.

The bills allege that said complainants are members in good standing and communicants or pewholders of different churches located in parishes of said diocese, and that they and other complainants are communicants in said parishes and are regular contributors to the funds of their own parish churches.

The bills state that the Rev. William A. Hickey and Rev. Peter E. Blessing, respondents in said bill, are respectively Bishop and Vicar General of the Diocese of Providence, established in said State of Rhode Island and having its seat in the City of Providence in said County, and that the other respondents are the pastors and lay members of the church corporations of said different parishes;

That the said Bishop and Vicar General, together with the different pastors and other respondents in the said several bills, are organized as a church corporation under an act to incorporate the Bishop and Vicar General of the Diocese of Hartford together with the pastor and two laymen of any Roman Catholic Church or congregation in Rhode Island, passed at the January Session of the General Assembly of the State of Rhode Island 1869, as amended by said General Assembly at the January Session 1872;

That said corporation is organized for the purpose of maintaining religious worship according to the doctrine, discipline and ritual of the Roman Catholic Church within defined areas constituting said several parishes and for the support and education of the charitable institutions of said corporations.

That said corporation has received and continues to receive and hold property, real and personal, conveyed thereto by members of the congregation who worship therein, or purchased with money by them contributed;

That Section 4 of the by-laws of said corporation in substance provided that in matters relating to the incurring of any indebtedness on the part of the church so incorporated exceeding the sum of $500, the acts of the Board of Trustees of said parish must be confirmed by the written approbation of the Bishop or administrator of the diocese and that no member of the Board of Trustees shall have any power to contract any debt or liability on the part of the corporation except in pursuance of the special resolution of the Board of Trustees for that purpose entered on its minutes and signed by at least three trustees, and in conformity with the fourth article of these by-laws;

That by virtue of Sec. 3 of said by-laws, the said William A. Hickey, as Right Reverend Bishop, is ex officio

president of the Board of Trustees of said corporation;

That on the 23rd of May, 1923, the said Bishop Hickey, as president of the Board of Trustees of said corporation, directed the treasurers of said corporations to pay, and said treasurers did pay into the Woonsocket office of said diocese of Providence out of funds belonging to said corporations certain large sums of money to be used for the erection and support of diocesan high schools not connected with said different church corporations, and said sums were paid as aforesaid without any vote of the parish corporations and without any quorum of the board being present when any of said payments have been considered;

That there is published in the City of Providence a weekly newspaper known as The Providence Visitor, one of the owners of which the complainant allege is the said respondent, William A. Hickey, and the complainants aver that the treasurers of said church corporations have paid out of the funds of said corporations and are paying out of said funds annually certain sums of money for a certain number of subscriptions to said newspaper without any vote of the parish corporations and without any quorum of the board being present when any of said payments have been considered;

That said church treasurers of said church corporations have paid out and are paying out of the funds of said corporations annually a certain sum of money for the support of the National Catholic Welfare Conference, an organization in the District of Columbia, without any vote of the parish corporation and without any member of the board being present when any of the said payments have been considered;

That said payments were ultra vires and illegal for the purposes for which said payments were directed and were not made for the purposes for which said corporation was organized;

That the complainants have demanded that said church corporations take action to recover said sums paid as aforesaid, which demands have been refused, and that respondents are all the persons in control of said corporation.

The bills pray that the respondents shall account to the complainants and to the different church corporations for the sums of money so wrongfully and illegally paid.

The first ground of demurrer which we shall consider is that the complainants have no standing to maintain this bill in equity because the question of whether they are members in good standing and communicants of the said different parishes is one wholly within the determination of the Roman Catholic Church. We think, however, as this bill is heard upon demurrer which admits the truth of the statements alleged in the bill, that we must assume, so far as a demurrer is concerned, that the allegation is true. If, upon a hearing of the bill upon its merits, there should appear to be a bona fide defence made that the complainants are not members in good standing and communicants of said churches, a different course might be pursued.

Demurrer upon this ground is therefore overruled.

The next ground of demurrer which we consider is that the complainants have no standing upon their allegation that they are regular contributors to the funds of said parishes.

It is a well known principle of law that contributors to a fund in the hands of third parties have no standing to maintain a bill to enforce the trust attached to the use of said fund unless they have some interest as beneficiaries in the use of said fund. We cannot say, however, that the

members of a parish who make general contributions to its funds have no interest as beneficiaries in the use of said funds. A portion of said funds, at least, are usually employed in maintenance of the church attended by the contributors.

The demurrer upon this ground is therefore overruled.

The next ground of demurrer to be considered is that the allegation in the fourth paragraph of the bill is that said corporation is organized for the purpose of maintaining religious worship according to the doctrine, discipline and ritual of the Roman Catholic Church within a defined area of said Woonsocket, and for the support of educational and charitable institutions of said corporation.

The bill has made the acts of incorporation of these different parishes a part of the bill by reference thereto.

Sec. 3 of said act of incorporation reads:

"Such body corporate shall have power to receive and hold * * * all property * * * for the purpose of maintaining religious worship according to the doctrine, discipline and ritual of the Roman Catholic Church and for the support of the educational or charitable institutions of *that church*."

Sec. 4 reads:

"Such body corporate shall at all times be subject to the general laws and discipline of the Roman Catholic Church and shall receive and enjoy its franchises as a body politic solely for the purposes mentioned in the third section of this act."

We think it is clear from the reading of the act that these different parish church corporations are organized not only for maintaining religious worship according to the doctrine, discipline and ritual of the Roman Catholic Church but also for the support of the educational or charitable institutions of the church as a whole, and that the funds received by these different parish church corporations may be expended not only for the benefit of the local parish church but for the educational or charitable institutions of the church as a whole.

It follows, therefore, that the allegations of the fourth paragraph of said bill are defective and demurrable in stating the purposes for which said corporations are organized, and that the twelfth paragraph of said bill is demurrable for stating that the purposes for which said payments were directed and made were not the purposes for which said corporation was organized, since the allegations of the fourth and twelfth paragraphs of the bill amount to an allegation that the payments specified as objected to in the bills are illegal because they were not made for the support of the educational and charitable institutions of the local parishes of said corporation.

Demurrer upon this ground is therefore sustained.

Had the bills alleged that the payments objected to were not made for the support of the educational or charitable institutions of the church as a whole, a different question would have arisen.

A substantially similar question was considered in *Enos* vs. *Church of St. John the Baptist*, 187 Mass. p. 40. In that case the plaintiffs were members of the Roman Catholic Church and of the parish Church of St. John the Baptist in New Bedford. They brought a bill in equity seeking to set aside the action of the Bishop of the Diocese in transferring a portion of the funds of the church of the parish of which the plaintiffs were attendants to a new parish. This case was not heard upon demurrer but was submitted to a master for finding of facts, and the Appellate Court in reviewing the findings of the master said that it was plain that

under the provisions of the statutes of Massachusetts no persons but the trustees have any part or voice in the corporate doings. "A vote duly passed by the trustees is a vote of the corporation. No other communicant or member of the congregation or of the parish can take part in the corporate action. * * * We find nothing in the master's report to justify a finding that, aside at least from the moneys raised or given for the specific purposes of building a new church edifice, the funds now in the hands of the corporation have been so raised or are so held as to place any limitation upon their application beyond that which attaches to the general funds of any religious society. The only remaining question, therefore, is whether the purpose to which the corporation in due form has decided to apply its property by the proposed payment is one within the general scope of the corporate powers of an incorporated Roman Catholic Church. Of this we have no doubt. The master's report shows that the purpose is one consonant with the usage of that church in this country. There can be no question that it is within the power of any religious body to devote its general funds to the aid of other churches or religious societies or to home or foreign missions."

If the proper allegations had been made in this bill, the Court could have taken evidence upon the question of whether or not the payments objected to were consistent with the usages of the Roman Catholic Church as a whole and were for the support of the educational or charitable institutions of the Roman Catholic Church as a whole

The next question for consideration upon demurrer is whether, if the proper allegations as to the purposes of the expenditures had been made, the Court could say upon demurrer that the payments were illegal because they were not voted in accordance with the by-laws of the corporations.

It is to be noted that the by-laws referred to forbid the incurring of any indebtedness on the part of the church exceeding $500 or the contracting of any debt or liability except by certain formal action by a quorum of the board of trustees entered upon the minutes of the corporation. There is nothing in the allegations of the bill to the effect that any indebtedness or liability was incurred by said church corporations. The allegations are simply that certain expenditures of money were made which is a different thing from saying that any liability or indebtedness was incurred.

The demurrer upon this ground must therefore be sustained.

If there had been a general allegation in the bill to the effect that the expenditures had been made without a formal vote of the church corporations, this would have been sufficient to require the respondents to show the contrary, or, as they might have done under the decisions of this State, that the informal action in making such expenditures was in accordance with the customs and usages of the corporation.

The only remaining ground of demurrer which we think necessary to consider is that it is not stated in what capacity the said Bishop Hickey was an owner of The Providence Visitor. Respondents desire to know whether he owned it as an individual, as president of respondent corporation or as Roman Catholic Bishop of the Diocese of Providence.

One of the well known purposes of a demurrer is to obtain a bill of particulars which, under equity pleadings, can only be obtained by demurrer. If the respondents desire to know in what capacity the said Bishop Hickey owned said The Providence Visitor, we think they are entitled to such knowledge.

The demurrer upon this ground is therefore sustained.

Any other grounds of demurrer not considered are overruled.

For complainants: Elphege J. Daignault.

For respondents: Curran, Hart, Gainer & Carr; John P. Beagan; McGovern & Slattery; E. L. Jalbert; H. J. Demers; Wooley & Blais; E. De V. O'Connor.